Case 1:10-cv-00453-RMC   Document 18   Filed 05/19/10   Page 1 of 4

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

ACHTE/NEUNTE BOLL KINO
BETEILIGUNGS GMBH & CO KG

    *Plaintiff,*

v.

DOES 1 – 4,577

    *Defendants.*

No. 1:10-cv-00453-RMC

**FURTHER STIPULATION BETWEEN PLAINTIFF AND THIRD-PARTY
COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC GOVERNING
RESPONSES TO RULE 45 SUBPOENA AND THE COURT'S MARCH 23, 2010 ORDER**

WHEREAS, Plaintiff Achte/Neunte Boll Kino Beteiligungs GMBH & Co KG ("Plaintiff") served non-party Comcast Cable Communications Management, LLC ("Comcast") with a Rule 45 subpoena duces tecum ("Subpoena") on April 12, 2010 seeking identifying information on approximately 1,400 Comcast Internet service subscribers (who are a subset of the 4,577 Doe Defendants in this action) and who allegedly infringed Plaintiff's copyright by downloading the movie "Far Cry;"[1] and

WHEREAS, counsel for Plaintiff, Dunlap, Grubb and Weaver (DGW), and Comcast have had discussions concerning an appropriate timeframe for responding to the Subpoena, notifying subscribers, and allowing those subscribers an opportunity to contest or otherwise challenge the disclosure of their identities, as well as providing for reimbursement of certain

---

[1] The exhibit attached to the initial Complaint in this action identified approximately 600 Internet protocol ("IP") addresses associated with Comcast. The Amended Complaint, filed May 12, 2010, lists 1,399 Comcast IP addresses for resolution.

1

**Attachment 2**

costs to be incurred by Comcast in responding to the Subpoena and any further subpoena duces tecum that may be submitted in this matter;

WHEREAS counsel for Plaintiff and Comcast have been diligently working to amicably resolve their dispute with regard to responding to the Subpoena, and previously agreed to and obtained additional time up to and including May 19, 2010, within which to resolve their discovery related issues without judicial intervention;

WHEREAS, the counsel for Plaintiff and Comcast have tentatively reached an agreement ("Agreement") specifying a timeframe for responding to the Subpoena, including: (i) the process for resolving which subscribers used the IP addresses listed in the subpoena on the specific date and time listed, with a specific number to be resolved each business day and each month until all IP addresses listed in the Subpoena or any additional subpoenas duces tecum have been resolved; (ii) allowing Comcast seven (7) days from resolving any IP address for sending notice to the subscriber so resolved; (iii) allowing such subscribers thirty (30) days from such notice to have the opportunity to contest or otherwise challenge the disclosure of their identities; (iv) for reimbursement of certain costs to be incurred by Comcast in responding to the Subpoena and any further subpoena duces tecum that may be submitted in this matter, and (v) that any breach of the Agreement by either party may be brought to the attention of the Court for appropriate relief in the form of quashing any subpoena or further modifying the March 23, 2010 Order; and

WHEREAS, as a result, counsel for Plaintiff and Comcast have agreed that the deadlines and limitations on Comcast that are part of the March 23, 2010 Order should hereby be modified by their Agreement so as to allow for responses, notices and reimbursement to extend until all IP

**Attachment 2**

addresses have been resolved, with subscribers' challenges to their identification being required to be made within 30 days after that subscriber has been identified and sent notice; and

WHEREAS, if no final Agreement between counsel for Plaintiff and Comcast is reached, Comcast may file a motion to quash, modify the March 23, 2010 Order or for a protective order within 5 days of the date of this stipulation; and

THEREFORE, in light of the foregoing, the parties have stipulated to an extension and modification of the Court's March 23, 2010 Order and now respectfully request that the Court extend the filing deadline for Comcast to seek any modification of the March 23, 2010 Order to May 24, 2010 and for any subscriber notified to file a motion to quash or other objection within 30 days of receiving notice that he or she has been identified, and absent such a motion or challenge, such identity will thereafter be provided promptly to counsel for Plaintiff at Plaintiff's expense.

Dated: May 19, 2010                     Respectfully submitted,

| DUNLAP, GRUBB & WEAVER PLLC | DAVIS WRIGHT TREMAINE LLP |
|---|---|
| By /s/ | By /s/ |
| Thomas M. Dunlap (D.C. Bar No. 471319) | John D. Seiver (D.C. Bar No. 296418) |
| Nicholas A. Kurtz (D.C. Bar No. 980091) | Leslie G. Moylan (D.C. Bar No. 985716) |
| 1200 G Street, NW Suite 800 | 1919 Pennsylvania Ave., NW, Suite 800 |
| Washington, DC 20005 | Washington, DC 20006 |
| Telephone: 202.316.8558 | Telephone: 202.973.4212 |
| Facsimile: 202.318.0242 | Fax: 202.973.4412 |
| Email: tdunlap@dglegal.com | Email: johnseiver@dwt.com |
| nkurtz@dglegal.com | lesliemoylan@dwt.com |
| *Attorneys for Plaintiff Achte/Neunte Boll Kino Beteiligungs GMBH & CO KG* | *Attorneys for Non-Party Comcast Cable Communications Management, LLC* |

3

**Attachment 2**

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| ACHTE/NEUNTE BOLL KINO BETEILIGUNGS GMBH & CO KG )<br><br>Plaintiff, )<br><br>v. )<br><br>DOES 1 – 2,094 )<br><br>Defendants. ) | No. 1:10-cv-00453-RMC |

### ORDER

Before the Court is the Stipulation between Non-Party Comcast Cable Communications Management, LLC ("Comcast") and Plaintiff recounting a tentative agreement to modify the Court's March 23, 2010 Order and extend the deadline for responding to the Rule 45 Subpoena duces tecum served on Comcast and for any affected subscriber to appear and contest the disclosure of his or her identity to Plaintiff. Upon review of the Stipulation and the entire record it is ORDERED that the Stipulation is adopted and the relief agreed to therein GRANTED and the deadline for Non-Party Comcast to respond to the Rule 45 subpoena served on April 12, 2010 and for any affected subscriber to file a motion to quash is hereby extended, to 30 days after that subscriber has been identified and sent notice, unless no final Agreement between Plaintiff and Non-Party Comcast is reached in which event Non-Party Comcast may file a motion to quash, modify the March 23, 2010 Order, or for a protective order within 5 days.

Date:_____

                                                             Rosemary M. Collyer
                                                             United States District Judge

**Attachment 2**

READ AT ONCE

COURT-DIRECTED NOTICE
REGARDING ISSUANCE OF SUBPOENA
SEEKING DISCLOSURE OF YOUR IDENTITY

A legal document called a subpoena has been sent to your Internet Service Provider, _____, requiring the disclosure of your name, address and other information. The subpoena was issued pursuant to a Court Order in one of two lawsuits pending in the United States District Court for the District of Columbia.

Plaintiffs have filed two lawsuits alleging that various people have infringed their copyrights by illegally downloading and/or distributing one of these two movies: "Far Cry" or the "The Steam Experiment" (a/k/a "The Chaos Experiment"). However, the Plaintiffs do not know the actual names or addresses of these people – only the Internet Protocol address ("IP address") of the computer associated with the illegal activity.

Accordingly Plaintiffs have filed their lawsuits against anonymous "John Doe" defendants and issued subpoenas to various Internet Service Providers to determine the identity of these people. If you are receiving this notice, that means the Plaintiffs have asked your Internet Service Provider to disclose your identification information to them, including your name, current (and permanent) addresses, and your email address and Media Access Control number. Enclosed is a copy of the subpoena seeking your information and the exhibit page containing the IP address that has been associated with your computer and showing the date and time you are alleged to have used the Internet to download or upload the particular movie.

This is a civil lawsuit, not a criminal case. You have not been charged with any crime. If the Plaintiffs receive your information from your Internet Service Provider, you will likely be added as a named defendant to one and/or the other of the two lawsuits.

INFORMATION ABOUT YOU HAS NOT YET BEEN DISCLOSED,
BUT IT WILL BE DISCLOSED IN 30 DAYS IF YOU DO NOT
CHALLENGE THE SUBPOENA.

Your identifying information has not yet been disclosed to the Plaintiffs.

This notice is intended to inform you of some of your rights and options. It does not provide legal advice. We cannot advise you about what grounds exist, if any, to challenge this subpoena. If you would like legal advice you should consult an attorney. On the following pages of this notice you will find a list of resources that may help you locate an attorney and decide how to respond to the subpoena or lawsuit

**Attachment 2**

If you want to prevent being identified, you have 30 days from the date of this notice to file a motion to quash or vacate the subpoena. You must also notify your ISP. If you need more than 30 days to file such a motion or find a lawyer to assist you, you can file a motion asking for an extension of time; you should notify your ISP if you file a motion asking for more time.

If you file a motion to quash the subpoena, your identity will not be disclosed until the court makes a decision on your motion. If you do nothing, then after 30 days your ISP will be compelled to send the Plaintiff your name, address, email address, telephone number, and your modem's Media Access Control number.

You may wish to obtain an attorney to advise you on these issues or to help you take action.

To help you find a lawyer, the American Bar Association's attorney locator can be found on the Internet at http://www.abanet.org/lawyerlocator/searchlawyer.html

The Bar Association of the District of Columbia has a Lawyer Referral Service that can be reached at 202-296-7845.

The Electronic Frontier Foundation is an organization that seeks to protect the rights of Internet users. They have created a website that lists attorneys who have volunteered to consult with people in your situation and contains further information about the lawsuit that has been filed against you as well as similar lawsuits:

https://www.eff.org/issues/file-sharing/subpoena-defense

### OTHER ISSUES REGARDING THE LAWSUIT AGAINST YOU

To maintain a lawsuit against you in the District Court for the District of Columbia, the court must have personal jurisdiction over you. You may be able to challenge the District Court for the District of Columbia's personal jurisdiction over you. However, please note that even if your challenge is successful, the Plaintiff can still file against you in the state in which a court has personal jurisdiction over you.

If you are interested in discussing this matter with the Plaintiff's attorneys, you may contact them by telephone at (877) 223-7212, by fax at (866) 874-5101 or by email at subpoena@dgwlegal.com. Please understand that these lawyers represent the company that sued you. They can speak with you about settling the lawsuit, if you wish to consider that. You should be aware that if you contact them they may learn your identity, and that anything you say to them can later be used against you in court.

You should not call the Court.

Again, you may wish to retain an attorney to discuss these issues and your options.

**Attachment 2**